**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HEATHER COOPER,

       Plaintiff-Appellant,

v.

DIGNITY HEALTH, DBA St. Joseph's
Hospital and Medical Center,

       Defendant-Appellee.

No.   20-15377

D.C. No. 2:18-cv-00116-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted June 17, 2021
Anchorage, Alaska

Before:  RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Heather Cooper (Cooper) appeals the district court's order granting

summary judgment in favor of Appellee Dignity Health (Dignity Health).  Cooper

was employed as an "intraoperative neuromonitoring (IONM) technologist" and

"monitor[ed] nerve functioning of patients undergoing brain and spinal surgery."

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

She contends that the district court erred in holding that punctuality was an essential function of her duties, and that her request to clock in to work up to fifteen minutes late each day was not a reasonable accommodation request under the Americans with Disabilities Act. Cooper further asserts that the district court erred in granting summary judgment in favor of Dignity Health on her retaliation claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.

The district court properly granted summary judgment in favor of Dignity Health because Cooper failed to raise a genuine issue of material fact whether she was able to regularly clock in on time, an essential function of her position, and that the accommodation she sought was reasonable. To establish that punctuality was an essential job function, Dignity Health was required to "clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would support a finding favorable to the defendant—in this case, that compliance with the [punctuality] policy [was] an essential function of the job." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citation and internal quotation marks omitted) (emphasis in the original).

Cooper failed to raise a genuine issue of material fact whether punctuality

2

was an essential function of an IONM technologist's job duties in preparing for spinal surgeries and brain surgeries. *See id.* at 1237-38. Although Cooper stated that she was capable of preparing for scheduled surgeries even if she clocked in late, Cooper received at least one corrective action documenting that her seventy tardies in a four-month period "affect[ed] work for other technologists, case set up, pre-op work and patient application."[1] Cooper also did not effectively rebut testimony from the manager of the IONM department and from her direct supervisor that, as a "teamwork department," punctuality was essential to ensure patient care, and that problems arose if technologists were not available by the clock-in time. Moreover, Cooper acknowledged that, between 2011 and 2012, when she clocked in late more than one hundred times, she was not suffering from any mental health impairments, or taking any medication that would require accommodation.[2]

---

[1] Cooper contends that there is a material factual dispute concerning the hospital's failure to discipline other technologists who exceeded the permissible number of untimely clock-ins, and that another technologist was permitted to arrive after the clock-in time. However, in their depositions, other IONM technologists acknowledged that they were reprimanded for clocking in late. Although a different technologist was permitted to arrive after the clock-in time on a temporary basis, she was disciplined for arriving late, and ultimately voluntarily terminated her employment.

[2] There is conflicting evidence in the record concerning when Cooper began taking medication. In her declaration, Cooper stated that she began taking

(continued...)

3

Because we conclude that Cooper's request for an exemption from the hospital's punctuality requirements was not a reasonable accommodation request, Cooper's contention that the hospital did not engage in the interactive process necessarily fails. *See Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1193-94 (9th Cir. 2021).[3]

The district court also properly granted summary judgment in favor of Dignity Health on Cooper's retaliation claim because Cooper did not demonstrate the requisite "but-for causation" that her termination was in retaliation for her disability or for filing a complaint with the Equal Employment Opportunity Commission (EEOC). *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015), *as amended*. The passage of nine months between Cooper's purported request for an accommodation in January, 2013, and her termination in October, 2013, foreclosed any retaliatory inference based on

---

[2](...continued)
prescribed medication for her medical conditions in September, 2012. But in an email to the hospital's leave administrator, Cooper stated she began taking medication in 2013. Cooper does not explain this inconsistency.

[3] Cooper also asserts that the district court failed to independently consider whether the hospital terminated her on account of her disability. However, the district court properly granted summary judgment in favor of Dignity Health because Cooper failed to demonstrate that she requested a reasonable accommodation and that she was able to perform the essential functions of her job. *See Samper*, 675 F.3d at 1240-41.

temporal proximity. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003) (holding that an inference based on temporal proximity was "not possible . . . because approximately nine months lapsed between the date of [the plaintiff's] complaint and the [employer's] alleged adverse decisions") (citation omitted). Cooper also did not sufficiently refute Dignity Health's "legitimate, non-retaliatory explanation" that she was terminated due to her excessive violations of the hospital's punctuality requirements. *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 850 (9th Cir. 2004) (citation omitted).[4]

**AFFIRMED.**

---

[4] Contrary to Cooper's assertions, the EEOC cause determination did not preclude summary judgment because it did "not offer any support for [Cooper's] attempt to show pretext," as it was limited to "the facts that [Cooper] disclosed, and [did] not say anything at all about [Dignity Health's] proffered legitimate nondiscriminatory reason" for Cooper's termination. *Mondero v. Salt River Project*, 400 F.3d 1207, 1215 (9th Cir. 2005).